■ In the Matter of the Claim of DAVID F. DODGE, Respondent, against NEW YORK TRIBUNE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier herein appeal from a decision of the Workmen's Compensation Board which set aside an award to reimburse the employer. The claimant was employed as a compositor by the New York Herald Tribune. On August 6, 1947 he suffered a back injury as the result of an industrial accident, and received compensation therefor up to December 19, 1947, when he returned to work. However the case was not closed until June, 1952, when a referee decided that claimant was no longer suffering from any disability related to the accident. On appeal by the claimant the board set aside that decision, reversed the referee's disallowance and restored the case to the calendar. The decision of the Board was dated April 21, 1953, and up to that time no further compensation had been paid since claimant returned to work on December 19, 1947. In the meantime, and about December 15, 1951, claimant decided to retire and requested that he be placed on the employer's inactive payroll. The employer had no regular pension plan but in the case of certain employees it made voluntary payments under what is called an inactive payroll plan. In January, 1952, and while claimant's additional compensation claim was pending, the employer began making payments of $50 a month to claimant under such plan. The employer made a request for reimbursement, under section 25 of the Workmen's Compensation Law, on the theory that it had paid compensation in like manner as wages during claimant's disability. It claims to have done this by letter dated May 1, 1953 before any award for additional compensation had been made. At a hearing on August 11, 1953 the referee stated that he had in his file the employer's request for reimbursement. Despite this the board has found that a timely request for reimbursement was not made. This finding was apparently made upon the ground that the written request of the employer was missing from the file in the case at the time the board made its final decision. It is quite inconceivable that the referee would have known anything about the letter requesting reimbursement unless it was in the file at the time he made the statement referred to, and hence the board's finding in this respect is without substantial evidence to support it. We think also that the issue of whether payments made by the employer during claimant's disability came within the purview of section 25 of the Workmen's Compensation Law should be reconsidered. Decision and

award, insofar as appealed from, reversed and the matter remitted to the Workmen's Compensation Board with costs to appellants. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.